F I L E D
CLERK OF COURT

2025 JUL 18 PM 4: 36

SUPERIOR COURT
OF GUAM

# IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| PEOPLE OF GUAM, | ) | CRIMINAL CASE NO. **CM0307-00** |
| | ) | GPD REPORT NO. 00-06549 |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | DECISION AND ORDER |
| JAY TUNGPALAN VELASCO, | ) | RE. DEFENDANT'S MOTION AND ORDER |
| DOB: 09/13/1977 | ) | TO VACATE BENCH WARRANT |
| | ) | AND CLOSE CASE |
| Defendant. | ) | |
| | ) | |

## INTRODUCTION

This matter is before the Honorable Maria T. Cenzon on Defendant Jay Tungpalan Velasco's ("Defendant") Motion and Order to Vacate Bench Warrant and Close Case (the "Motion"). Assistant Public Defender Stephen P. Hattori representes Defendant; Assistant Attorney General Valerie A. Nuesa represents the People of Guam ("the People"). Following oral argument of the parties on May 16, 2025, the Court took the Motion under advisement pursuant to CVR 7.1(e)(6)(E) of the LOCAL RULES OF THE SUPERIOR COURT OF GUAM. After reviewing the Defendant's Motion, oral arguments from the parties, and the applicable statutes and case law, the Court now issues this Decision and Order **GRANTING** the Defendant's Motion.

## RELEVANT BACKGROUND

**A.** **The Magistrate's Complaint and Diversion Program Prior to Public Law 31-103.**

On April 20, 2000, the People filed a Magistrate's Complaint against Defendant Velasco for the following offenses: the First Charge of Family Violence (As a Misdemeanor) and the

Second Charge of Reckless Driving (As a Petty Misdemeanor). *See Magis. Compl.* (Apr. 20, 2000). On September 5, 2000, the Court placed the Defendant on a diversion program for a period of two (2) years. *See Stip. and Order for Divers.* (Sep. 6, 2000).[1] The Court placed the following relevant conditions upon the Defendant: (1) Defendant shall report to the Client Services and Family Division (CSFC) for intake and assessment and follow all recommendations, including referral to the Domestic Abuse Project Workshop and/or Department of Mental Health and Substance Abuse (renamed Guam Behavioral Health and Wellness Center ["GBHWC"]) and/or other agencies; (2) Defendant shall comply with and pay fees to the Superior Court of Guam for treatment with CSFC in compliance with the Court's order in SP0325-97; (3) no contact with the Victim, Charlie Dahileg, and no harassing or assaulting the Victims Charlie Dahileg and Janice F. Field; (4) Defendant shall report to the Probation Services Division ("Probation") monthly in person; and (5) Defendant shall turn in his passport and other travel documents to the Clerk of Court, and Defendant shall not leave Guam without permission from the Court. *Id.* If the Defendant satisfactorily completed all the terms of the diversion program, then the Court shall dismiss and expunge the matter upon motion of the Defendant. *Id.* Failure to complete his conditions would result in a re-institution of the criminal proceedings. *Id.* At the time of Defendant's diversion, the Honorable Elizabeth Barrett-Anderson presided over this matter. *Id.*

**B.      The History of Defendant's Compliance with Diversion Requirements.**

On December 19, 2000, CSFC filed a report indicating that the Defendant was assessed on December 13, 2000, and was assigned as a candidate to the Domestic Violence Offenders Group

---

[1] Prior to the passage into law of Guam Public Law 31-103 (Oct. 4, 2011), Guam, like many other jurisdictions at the time, implemented a diversion programs to "allow certain first-time domestic violence abusers to obtain such counseling, education and treatment in exchange for expungement of the arrest record, waiver of prosecution and elimination of prison sentences and criminal records relating to such first offense." See, P.L. 31:103:1 (Legislative Findings and Intent). Now codified as Title 9, Guam Code Annotated, Chapter 30, Sections 30.80 through 30.80.5, Guam law allows for the Deferred Guilty Plea for Family Violence.

conducted by CSFC. *CSFC Report* (Dec. 19, 2000). On February 9, 2001, CSFC filed another report indicating that the Defendant appeared for group counseling on January 13, 2001, and individual counseling on January 31, 2001. *CSFC Report* (Feb. 9, 2001). At the individual counseling session, his partner Ms. Field, the Victim, was also present, and both requested that support for the Defendant to relocate to the Omaha, Nevada area. *Id*. Ms. Field was pregnant and planned to move to Omaha with her three-year-old son. *Id*. Her parents are also living in the same area and would help transition the Defendant to the mainland. *Id*. CSFC indicated that Defendant Velasco had made important changes in his life, and although the Defendant was not consistent with his appointments – and usually completion of his treatment is recommended before relocation – CSFC indicated that this instance was the exception and supported Defendant's relocation request due to better family support off-island. *Id*.

On February 13, 2001, the Court held a Further Proceedings in this matter. Probation indicated that the Defendant was enrolled in a Men's Group and tuition was pending. *Min. Entry* Feb. 13, 2001). Defendant Velasco requested the Court to grant his relocation to follow Ms. Fields. *Id*. The Court indicated that the Defendant must first complete his counseling, and the Court would consider dismissal and closure of the case at the next hearing. *Id*.

On June 12, 2001, CSFC filed a report indicating that the Defendant had not appeared for his appointment since his last appointment on January 31, 2001, and referred the matter back to the Court. *CSFC Report* (Jun. 12, 2001). On June 15, 2001, Probation lodged a Violation Report indicating that the Defendant had failed to complete the Domestic Violence Offenders Group Counseling program and last reported to Probation on February, 2001. *Vio. Rpt.* (Jun. 15, 2001).

On July 17, 2001, the Court held a Violation Hearing, wherein the Defendant was not present. Defense counsel indicated that the Defendant may be off-island. *Min. Entry* (Jul. 17, 2001). The Court continued the hearing for another thirty (30) days. *Id.*

On August 28, 2001, the Court held a Further Proceedings, wherein the Defendant was not present, and the Court indicated that it would issue a Summons for the Defendant for the next hearing. *Min. Entry* (Aug. 28, 2001). The Court issued a Summons for the Defendant on August 29, 2001, for hearing on September 24, 2001. *Summons* (Aug. 29, 2001). An Affidavit of Non-Service was filed On September 20, 2001. *Aff. of Non-Serv.* (Sep. 20, 2001).

On September 27, 2001, the Court held a Further Proceedings, wherein the Defendant was not present. The Court issued a Bench Warrant for his failure to appear on September 27, 2001. *Bench Warrant* (Sep. 27, 2001). The warrant was issued by Judge Barrett-Anderson in 2001.

Two years later, on May 16, 2003, Defendant Velasco filed an Entry of Appearance and Waiver of the Defendant's Presence. The Defendant waived his appearance before the Court and authorized Public Defender Service Corporation ("PDSC") to appear on his behalf. *Entry of App.* (May 16, 2003).

On July 1, 2003, the Court held a Status Hearing. The Court indicated the outstanding Bench Warrant issued for the Defendant. *Min. Entry* (Jul. 1, 2003). Defense counsel represented that the Defendant was staying in Hawaii and placed himself through a family violence workshop. *Id.* The Court allowed the Defendant to continue his counseling in Hawaii, and the Bench Warrant would remain outstanding pending the next Further Proceedings in November. *Id.*

On November 25, 2003, the Court held a Further Proceedings, wherein defense counsel informed the Court that he has yet to receive a certificate of completion from the Defendant. *Min.*

*Entry* (Nov. 25, 2003). The Court emphasized the necessity of providing the certificate and would continue the matter to January. *Id.*

On January 27, 2004, the Court held another Further Proceedings. At the hearing, defense counsel admitted that Defendant continued stay in Hawaii, and Probation alerted the Court that Defendant still failed to check in or contact Probation. *Min. Entry* (Jan. 27, 2004). Defense counsel told the Court that the Defendant had completed seven (7) sessions of a Domestic Violence Men's Group, but because he had missed five (5) classes, the Defendant was discharged from the program. *Id.* Defense counsel further indicated that the Defendant and the Victim had since relocated from Guam. *Id.* The Court indicated that the Defendant had always been off-island. *Id.* Probation stated that the Defendant's request to move off-island was denied by the Court, and since CSFC and Probation lost contact with Defendant, a violation report was issued. *Id.* The Court indicated that no further hearing in this matter would be set ***and the Bench Warrant would remain outstanding****. Id.*

Over twelve (12) years later, on October 24, 2016, Defendant Velasco filed another Waiver of Appearance authorizing PDSC to appear on his behalf. *Waiv. of App.* (Oct. 24, 2016).[2] On October 25, 2026, the Honorable Arthur R. Barcinas was assigned to preside over the case, following Judge Barrett-Anderson's retirement. Judge Barcinas was then the assigned judge for the Family Violence Docket. See *Ntc. of Judge Assignment* (Oct. 25, 2016).

Over nine (9) years later, on April 9, 2025, the Defendant filed the instant Motion. This Court was then assigned to preside over the case. *Ntc. of Judge Assignment* (April 10, 2025).

---

[2] A review of the record indicates that PDSC attempted to file a Notice of Hearing twice. On October 25, 2016, a Speed Memo indicated that the Notice of Hearing was returned because of the reassignment of the case to Judge Arthur R. Barcinas. *See Speed Memo* (Oct. 25, 2016). On November 21, 2016, another Speed Memo indicated that the wrong form was used for another Notice of Hearing. *See Speed Memo* (Nov. 21, 2016).

Attached to the Motion is a purportedly true and correct copy of the Las Vegas Justice Court Domestic Violence Counseling Report signed by Shawnnyce Nutt on December 3, 2024. The Report, identified as "Exhibit 1" to the Motion indicates that Defendant is required to complete 13 weeks of counseling and notes that one class was completed on November 26, 2024. "Exhibit 2" of the Motion indicates, however, that Defendant completed a 13 Week Anger Management program (apparently giving him credit for the one class on November 26, 2024).

On May 16, 2025, the Court held a hearing on Defendant's Motion. At the hearing, Assistant Public Defender Peter Sablan rested on the moving papers without further argument. The Defendant did not appear for the hearing. The People submitted that it had reviewed the attached certificate and does not contest Defendant's completion of his program. *Min. Entry* (May 16, 2025). However, the People did indicate that Defendant's fines should be paid off before closing out the matter. *Id.* Upon the Court's inquiry as to the timing of the Motion, defense counsel indicated that the Defendant was arrested at the Los Angeles Airport and that a bench warrant was outstanding for the Defendant. *Id.* At the close of the hearing, the Court indicated that the matter would be taken under advisement. *Id.*

**C.      Defendant moves this Court to vacate the Warrant and close this matter.**

In support of Defendant's Motion, the Defendant submits the following. First, the Defendant had apparently relocated to the mainland since the early 2000's and has since remained in the mainland. *Deft. 's Mot.* at 1. The Defendant and Ms. Field have not been together since 2003. *Id.* Further, the Defendant only required two more classes to complete his counseling requirements. *Id.* Second, as of March 9, 2025, Defendant submits that he has completed all his requirements. *Id.* at 2. The Defendant submits Exhibit 1 to show that he has completed one (1) class with the Las Vegas Justice Court Domestic Violence Counseling Report on November 26, 2024, and paid off

the tuition balance. *Deft.'s Mot., Ex. 1.* Further, the Defendant submits Exhibit 2 to show that he has completed a thirteen (13) week anger management program with LRS Systems. *Deft.'s Mot., Exh. 2.* Based on the above representation, Defendant Velasco moves this Court to vacate the Bench Warrant and close this matter.

## DISCUSSION

The courts of Guam have the authority to compel the attendance of persons to testify in any criminal action or proceeding and to compel obedience of any lawful order of the Court. *See* 7 GCA §§ 7107 & 7111. In this matter, on September 5, 2000, the Court placed the Defendant on a diversion program after finding the Defendant eligible for the diversion process pursuant to the version of 9 GCA §§ 30.80 and 30.80.1 in effect at that time. The Court was then required to issue a Bench Warrant on September 27, 2001, after the Defendant failed to appear for a scheduled hearing to answer to a violation of not completing his counseling with CSFC and failing to report to Probation as ordered. Now, after an over twenty-four (24) year absence from Guam and failing to complete his conditions within the two (2) years provided in the diversion agreement, the Defendant now moves this Court to vacate the Bench Warrant and close this matter because – over twenty-two (22) years later he finally completed his counseling requirements.

In consideration of the Defendant's request, the Court makes the following findings:

1.      Pursuant to the Order for Diversion on September 6, 2000, the Defendant was ordered to report to CSFC for counseling and treatment, report to Probation monthly, and prohibited from leaving Guam without approval of the Court.

2.      The Defendant was previously compliant with his counseling requirements as shown in the filed CSFC reports on December 19, 2000, and February 9, 2001.

**3.** On February 13, 2001, the Court denied Defendant's request to relocate off-island and indicated that this matter could be dismissed and expunged pending Defendant's completion of his counseling requirements.

**4.** The Defendant did not appear at his hearings to answer to the June 15, 2001 ,Violation Report, and the Court issued a Bench Warrant on September 27, 2001, for his continued non-appearance.

**5.** On July 1, 2003, during the Status Hearing, Defendant was not present, but the Court was informed that the Defendant was staying in Hawaii. Despite the Defendant violating the Court's order to not leave the island, the Court still gave the Defendant the opportunity to complete his conditions in Hawaii.

**6.** Despite the Court's order on November 25, 2003, and January 27, 2004, to submit copies of the Defendant's certificate of completion, the Defendant failed to do so. Thus, the Bench Warrant remained outstanding.

**7.** Proof of Defendant's completion of counseling requirements, i.e., the Certificate of completion, was only submitted recently on April 9, 2025, attached to the Motion, after nearly twenty-one (21) years since the last hearing on January 27, 2004.

**8.** Although the Court finds that the Defendant has completed counseling as submitted in his Exhibits, the remaining question is the outstanding balances of tuition fees for the programs he previously participated in Guam before his relocation.

**9.** The Defendant was placed on diversion on September 5, 2000, with an expiration on September 4, 2002. The Bench Warrant was issued on September 27, 2001, thus, pursuant to 9 GCA §80.66(3)(A), the Defendant's diversionary period was effectively tolled, and the Defendant has approximately one (1) year left to complete his conditions.

**10.** The Defendant was placed on diversion pursuant to 9 GCA Section 30 promulgated by P.L. 22-160:2 on Dec. 30, 1994. The Defendant did not enter into a deferred guilty plea in this matter as contemplated as is currently provided in § 30.80. If the Court were to hold a hearing and "find by substantial evidence that the Defendant is not performing satisfactorily in the assigned program," then the criminal proceedings in this matter would resume. P.L. 22-160:2 (Dec. 30, 1994).

**11.** Notwithstanding the Defendant's violation of a court order when he relocated off-island without the Court's permission and the inordinate amount of time he delayed in submitting his certificate of completion as mandated by Judge Barrett-Anderson, the Court finds that the People have accepted the Certificate of Completion as proof of satisfaction of the condition of counseling under the previous diversion program.

**12.** Considering the cost of possibly extraditing the Defendant to return to Guam to continue these proceedings in order to address a possible revocation of the diversion and to set the matter for trial pursuant to the applicable law governing these proceedings, the Court finds good cause to waive any remaining tuition fine balances, which is the only remaining condition.

## CONCLUSION

For these reasons, the Defendant's Motion and Order to Vacate Bench Warrant and Close Case is **GRANTED**. The Court shall issue a separate Order vacating the bench warrant, dismissing and expunging the matter and closing this case.

**SO ORDERED** this 18th day of July, 2025.

**HONORABLE MARIA T. CENZON**
Judge, Superior Court of Guam